E-FILED
Friday, 26 November, 2021   11:06:25 AM
Clerk, U.S. District Court, ILCD

# EXHIBIT A

**FILED**
SIXTH JUDICIAL CIRCUIT

10/20/2021 1:04 PM
By: AL

*Susan W. McGrath*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

| | |
|---|---|
| KYLE STALCUP, individually and on behalf of similarly situated individuals, | )<br>)<br>) |
| Plaintiff, | ) No. 2021L 000163<br>)<br>) |
| v. | ) Hon.<br>) |
| VERATAD TECHNOLOGIES LLC, a New Jersey limited liability company, | )<br>) **Jury Trial Demanded**<br>) |
| Defendant. | )<br>) |

## DEMAND FOR JURY

Plaintiff, Kyle Stalcup, herein demands a trial by jury (12) in the above-captioned case.

Dated: October 20, 2021

Respectfully Submitted,

KYLE STALCUP, individually and on behalf of a class of similarly situated individuals

By: /s/ Andrew T. Heldut
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Jordan R. Frysinger (ARDC #6335897)
David L. Gerbie (ARDC#6323942)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

FILED
SIXTH JUDICIAL CIRCUIT
10/20/2021 1:04 PM
By: AL
Susan W. McGrath
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

| | |
|---|---|
| KYLE STALCUP, individually and on behalf of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>VERATAD TECHNOLOGIES LLC, a New Jersey limited liability company,<br><br>*Defendant*. | No. 2021L 000163<br><br>Hon.<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Kyle Stalcup ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Veratad Technologies LLC ("Defendant" or "Veratad"), for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to his own experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including face scans, voice prints, handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. This case is about an internet-based identity verification technology company capturing, collecting, storing, using and disseminating Plaintiff's and other consumers' biometric

identifiers and/or biometric information without regard to BIPA and the privacy rights that BIPA protects.

3. In an effort to confirm test-takers' identities or facilitate online purchases of various age-restricted products, Defendant collects consumers' biometrics in the form of their facial geometry so it can verify their identities and ages.

4. Specifically, Veratad incorporates its identity verification service into third-party online-proctoring software used by educational institutions, whereby Defendant's verification software extracts students' biometrics in order to verify their identities and track them during remote exams.

5. Additionally, consumers seeking to purchase age-restricted products from Defendant's clients are required to undergo Defendant's identity and age-verification process which also relies on comparisons of individuals' biometric data.

6. In both instances, this involves uploading a photo to Defendant's portal service and/or widget that is already incorporated into Defendant's customers' platforms. Defendant requires consumers to upload their driver's license, passport, or other photo ID. Next, the system proceeds to have consumers upload their photograph featuring the consumer's face (i.e. a "selfie"). Both are taken with their computer's webcam or their cell phone camera.

7. Once the photograph is uploaded, Defendant then uses facial recognition technology to compare and match the consumer's face in the photograph to the face appearing on the consumer's photo ID. This process enables Defendant to conduct both identity verification and age verification on behalf of its clients.

8. Facial geometry is a unique and permanent biometric identifier associated with each individual. The unauthorized handling of such sensitive information exposes consumers to serious

and irreversible privacy risks. If for example, a database containing scans of face geometry or other sensitive biometric data is hacked, breached, or otherwise exposed, consumers cannot simply change their biometric identifiers like they could reset a password or cancel a credit card.

9. Recognizing that biometrics present unique security concerns, the Illinois Legislature enacted BIPA specifically to regulate companies that collect and store Illinois citizens' biometrics. BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as facial geometry, or any biometric information, including any data regardless of the manner in which it is converted or stored, unless they first:

   a. inform that person in writing that biometric identifiers or biometric information will be collected or stored;
   b. inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and
   c. receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

10. BIPA also requires a private entity in possession of biometric identifiers or biometric information to make publicly available a written policy outlining its storage and destruction policies for such biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

11. Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing or disseminating the same to third parties without informed consent. 740 ILCS 14/15(c)-(d).

12. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating his biometric privacy rights under BIPA.

13. Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or the electronic equivalent.

14. BIPA's statutory scheme requires that private entities like Defendant make specific disclosures to consumers *prior to* collecting their biometrics, which allows consumers the opportunity to make an *informed* choice when choosing to provide their biometrics. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, and use biometrics and creates a private right of action for lack of statutory compliance.

15. Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards Illinois citizens' statutorily protected privacy rights and unlawfully collects, stores, disseminates and uses individuals' biometrics through its invasive facial recognition program.

16. Defendant collects the facial geometry of its clients' customers in Illinois without first obtaining those individuals' informed written consent and informing them how long it intends to keep such biometric data, as required by BIPA.

17. Defendant also stores individuals' biometric data but has failed to make publicly available a written policy specifying how long it retains such data and when it will destroy it, as required by BIPA.

4

18. Defendant's conduct is particularly unsettling considering the fact that this extremely sensitive biometric data is also associated with consumers' government-issued identification documents. Despite the sensitive nature of such data, and despite the passage of BIPA over a decade ago, Defendant wholly avoids any costs associated with implementing its biometric identity and age verification system in compliance with the law.

19. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when, like in this case, a person's biometric information is also associated with government issued or other photo identification.

20. Accordingly, Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing, using, and disclosing his biometrics, and those of hundreds of other consumers throughout the state of Illinois, without their informed written consent, in direct violation of BIPA.

21. On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

22. Defendant Veratad Technologies is a New Jersey limited liability company that conducts and transacts business throughout the state of Illinois and knowingly transacts with Illinois residents. Defendant collects Illinois citizens' biometric data off their Illinois state identification documents.

23. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois and had his biometrics handled by Defendant in Champaign County, Illinois.

## JURISDICTION AND VENUE

24. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

25. Venue is proper in Champaign County, Illinois, pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Champaign County, Illinois, and thus resides there under § 2-102, and because the biometric transaction out of which this cause of action arises occurred in Champaign County.

## FACTUAL BACKGROUND

26. Defendant provides online identity verification services, which include a biometric verification component, to various clients in the retail and education industries. For example, Defendant's identity verification service is incorporated into remote exam proctoring software in order to verify exam takers' identities and is used by businesses that sell age-restricted consumer products over the internet as well as other companies required to verify their customers' identities.

By integrating its identify verification service with its clients' websites, Defendant collects information (including biometric data) directly from its clients' customers.

27. Defendant openly acknowledges that it uses biometrics to verify consumers' identities.[1]

28. In or around fall of 2019, Plaintiff was subjected to Defendant's identity verification software in Champaign, Illinois while he was a student. Before being allowed to enter an online exam, Plaintiff was instructed by Defendant to complete a series of steps to verify his identity.

29. Plaintiff was directed to Defendant's ID verification portal, where he was directed to upload his Illinois Driver's License and then take a "selfie" photograph of his face.

30. Using its proprietary facial recognition and matching technology, Defendant then collected, stored, and analyzed Plaintiff's facial geometry in order to compare his face with the photograph on his Illinois Driver's License, and thus verify his age and identity.

31. On information and belief, Defendant then disclosed and/or disseminated Plaintiff's biometric data to third parties for data storage purposes in order to facilitate future transactions, but failed to obtain his consent to do so as required by 740 ILCS 14/15(d).

32. Prior to taking Plaintiff's biometrics, Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of his biometrics as required by 740 ILCS 14/15(b).

33. In addition, at the time Defendant collected and came into possession of Plaintiff's biometrics, Defendant failed to make publicly available any biometric retention and destruction policy, as required by 740 ILCS 14/15(a).

---

[1] https://veratad.com/methods/biometrics/ <last accessed October 9, 2021>.

34. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by Defendant or its technology within the state of Illinois any time within the applicable limitations period.

36. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

37. Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

38. Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

39. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

a. Whether Defendant collects, captures, stores, uses, or disseminates the biometrics of the members of the Class;

b. Whether Defendant made available to the public a written policy establishing a retention schedule and guidelines for permanently destroying biometrics;

c. Whether Defendant obtained a written release from the members of the Class before capturing, collecting, or otherwise obtaining their biometrics;

d. Whether Defendant provided a written disclosure to the members of the Class that explains the specific purposes, and the length of time, for which biometrics were being collected, stored, and used before collecting such biometrics;

e. Whether Defendant's conduct violates BIPA;

f. Whether Defendant's violations of BIPA are willful or reckless; and

g. Whether Plaintiff and other Class members are entitled to damages and injunctive relief.

40. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

41. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and

have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

42.  Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

### COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*,
### (On behalf of Plaintiff and the Class)

43.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44.  Defendant is a private entity under BIPA.

45.  Plaintiff and the Class members had their biometric identifiers, in the form of their facial geometry, and/or information or data derived therefrom, i.e. biometric information, collected, captured, received or otherwise obtained and/or used by Defendant. *See* 740 ILCS 14/10.

46.  Defendant captured, collected, stored, used, and otherwise obtained Plaintiff's and the Class members' biometrics through its biometric identity verification service without obtaining their informed written consent and without complying with BIPA's other mandates.

47.  Upon information and belief, Defendant disclosed or disseminated the biometric identifiers and/or biometric information of Plaintiff and the Class members to at least one third party for data storage or redundancy purposes without obtaining their informed written consent.

48.  Plaintiff and the Class members have been aggrieved by Defendant's failures to adhere to the following BIPA requirements, with each such failure constituting a separate and distinct violation of BIPA:

   a.  Defendant failed to inform Plaintiff and the Class members in writing that

       their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b. Defendant failed to inform Plaintiff and the Class members in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c. Defendant failed to inform Plaintiff and the Class members in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Defendant failed to obtain a written release from Plaintiff and the Class members, as required by 740 ILCS 14/15(b)(3);

e. Defendant failed to make publicly available any written retention schedule detailing the specific length of time the biometrics are stored and/or guidelines for permanently destroying the biometrics it stores, as required by 740 ILCS 14/15(a); and

f. Defendant failed to obtain informed consent to disclose or disseminate the Class members' biometrics, as required by 740 ILCS 14/15(d)(1).

49. By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class members' biometrics as described herein, Defendant denied Plaintiff and the Class members their right to statutorily-required information, and violated their respective rights to biometric information privacy, as set forth in BIPA.

50. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

51.   Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements, as BIPA has been in existence since 2008, and BIPA's minimally-burdensome compliance regime may be satisfied with a single sheet of paper or a single webpage screen. Alternatively, Defendant negligently failed to comply with BIPA's disclosure, consent, and retention policy publication requirements.

52.   Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

    a.   Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b.   Declaring that Defendant's actions, as set forth herein, violate BIPA;

    c.   Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

    d.   Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

    e.   Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

    f.   Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

    g.    Awarding pre- and post-judgment interest, as allowable by law; and

    h.    Awarding such further and other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: October 20, 2021                  Respectfully Submitted,

                                        KYLE STALCUP, individually and on behalf of a class of similarly situated individuals

                            By:    /s/ Andrew T. Heldut
                                      *One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Jordan R. Frysinger (ARDC #6335897)
David L. Gerbie (ARDC#6323942)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*