E-FILED
Friday, 26 November, 2021  11:06:25 AM
Clerk, U.S. District Court, ILCD

# EXHIBIT B

**FILED**
SIXTH JUDICIAL CIRCUIT

10/21/2021 10:04 AM
By: AL

Susan W. Thibretz

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

KYLE STALCUP, individually and on )
behalf of similarly situated individuals, )
                                         )
                                         )   No. 2021-L-000163
        *Plaintiff,*                     )
                                         )
            v.                           )
                                         )
VERATAD TECHNOLOGIES LLC, a              )
New Jersey limited liability company,    )   **Jury Trial Demanded**
                                         )
        *Defendant.*                     )
_____)

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff Kyle Stalcup, by and through his undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896–97 (7th Cir. 2011). In support of his Motion, Plaintiff submits the following Memorandum of Law.

Dated: October 21, 2021            Respectfully Submitted,

                                   KYLE STALCUP, individually and on behalf of a
                                   class of similarly situated individuals

                                   By:    /s/ Andrew T. Heldut
                                          *One of Plaintiff's Attorneys*

1

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Jordan R. Frysinger (ARDC #6335897)
David L. Gerbie (ARDC#6323942)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

2

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR CLASS CERTIFICATION OR, ALTERNATIEY, FOR**
**A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY**

This Court should certify a class of individuals whose biometric identifiers and biometric information were captured, collected, stored, and used by Veratad Technologies LLC ("Defendant") in Illinois. Defendant, an online document authentication & identity verification solutions business, by relying on new technologies, including biometrically-enabled technologies for identity verification purposes for various educational-related industries (i.e. remote exam proctoring software businesses) and the online retail sector that sells age-restricted products, has violated Illinois law by capturing, collecting, storing and using individuals' biometrics without obtaining proper consent, by failing to provide such individuals with a retention schedule explaining how long such biometric information and biometric identifiers are used and stored, and when they will be destroyed and by transmitting said biometric information to third parties without the consent of Plaintiff or the putative class. After Plaintiff learned of Defendant's wrongful conduct, he brought suit on behalf of a class of similarly situated individuals to put a stop to Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for all persons injured by its conduct.

**I.     INTRODUCTION: BIPA**

The Illinois Biometric Information Protection Act, or BIPA, is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include face scans, voice prints, handprints, fingerprints and palm scans; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. (Complaint, "Compl.," ¶ 1.) In recognition of the importance of the security of individuals'

3

biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) received a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publish publicly and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15. (Compl. ¶¶ 9, 10.)

## I.   FACTUAL BACKGROUND

### A.   The Underlying Misconduct.

Defendant has taken the biometrics of hundreds of people within the state of Illinois. (Compl., ¶¶ 20, 37.) During the relevant period, Defendant implemented an invasive biometric face scanning program for identification purposes. (Compl. ¶ 15.) Defendant required Plaintiff to use its system to capture his biometrics to verify his identity. (Compl. ¶¶ 28, 30.) Defendant uses identity verification technology to capture, collect, store, and disseminate Plaintiff's and other Class member's biometrics. (Compl. ¶¶ 2, 3, 26, 30, 31.)

However, Defendant failed to obtain informed consent from the individuals prior to capturing and collecting their biometric information, Defendant failed to provide individuals with a retention schedule and deletion policies which detail how and when Defendant would retain and then destroy the individuals' biometric information and/or biometric identifiers and, finally, Defendant did not obtain consent to transmit or disseminate Plaintiff's biometrics to third parties. (Compl. ¶¶ 31-33.) On information and belief, Defendant does not have a policy of informing

4

individuals in any way what happens to their biometric information after it is collected and obtained, whether it still retain their biometrics, and if it does, for how long it intends to retain such information without their consent, whether the information is transmitted to a third party and, if so, which third party. (Compl. ¶¶ 16, 17.) Despite its practice of taking the biometric information of every individual who uses its biometric technology, Defendant failed to comply with BIPA's statutory requirements regarding collection of biometric identifiers and biometric information.

### B.     The Proposed Classes

Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by Defendant or its technology within the state of Illinois any time within the applicable limitations period.

(Compl. ¶ 35.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

## II.   ARGUMENT

### A.     Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that he will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should

accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378

Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the

maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure,

which provides:

An action may be maintained as a class action in any court of this State and a party
may sue or be sued as a representative party of the class only if the court finds:

(1)    The class is so numerous that joinder of all members is
impracticable.
(2)    There are questions of fact or law common to the class, which
common questions predominate over any questions affecting only
individual members.
(3)    The representative parties will fairly and adequately protect the
interest of the class.
(4)    The class action is an appropriate method for the fair and efficient
adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the

Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal

decisions interpreting Rule 23 are persuasive authority with regard to questions of class

certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005).

Circuit courts have broad discretion in determining whether a proposed class meets the

requirement for class certification and ought to err in favor of maintaining class certification.

*Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring

further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have

found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard

RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties

have yet to fully develop the facts needed for certification, then they can also ask the district court

6

to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B.     The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least hundreds of members of the Class. (Compl. ¶ 20, 37.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined

7

from Defendant's records. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C. Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.*, 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant collects, captures, stores, uses, or disseminates the biometrics of the members of the Class; whether Defendant made available to the public a written policy establishing a retention schedule and guidelines for permanently destroying biometrics; whether Defendant obtained a written release from the members of the Class before capturing, collecting, or otherwise obtaining their biometrics; whether Defendant provided a written disclosure to the members of the Class that explains the specific purposes, and the length of time, for which biometrics were being collected, stored, and used before collecting such biometrics; whether Defendant's conduct violates BIPA; whether Defendant's violations of BIPA are willful or reckless; and whether

8

Plaintiff and other Class members are entitled to damages and injunctive relief.. (Compl. ¶ 39.) As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

## D.    Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, he was subjected to Defendant's invasive biometric face scanning technology and that Defendant captured, collected, stored, and disseminated his biometrics. Plaintiff has also alleged that Defendant did so without complying with the BIPA's requirements. Plaintiff's pursuit of this matter against Defendant demonstrates that he will be a zealous advocate for the Class. Further, proposed class counsel has regularly

9

engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

### E.      Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data

10

privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

### III.    CONCLUSION

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: October 21, 2021                    Respectfully Submitted,

                                           KYLE STALCUP, individually and on behalf of a
                                           class of similarly situated individuals

                                           By:    /s/ Andrew T. Heldut
                                                  *One of Plaintiff's Attorneys*

11

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Jordan R. Frysinger (ARDC #6335897)
David L. Gerbie (ARDC#6323942)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## **CERTIFICATE OF FILING**

The undersigned, an attorney, hereby certifies that on October 21, 2021, a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was filed electronically with the Clerk of Court using the e-filing system.

/s/ Andrew T. Heldut

13